UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| VINCENT LEE ROBINSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:12-cv-00294-DBH |
| | ) |
| WARDEN G. COHEN, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**[1]

Vincent Lee Robinson has filed a petition pursuant to 28 U.S.C. § 2254 seeking habeas

corpus relief.  The defendant/custodian is identified as "G. Cohen," the warden of the Atlantic

County Justice Facility in Mays Landing, New Jersey, where it appears that Robinson is

currently incarcerated.  Robinson's plaint relates to a State of Maine probation violation

proceeding for which Robinson has been unable to obtain the New Jersey warden's cooperation

with his request that he be returned to Maine for final disposition of that charge.  Robinson

characterizes that denial as a due process violation.  I ordered the State of Maine to answer the

petition and they have now done so.  Robinson has failed to reply to their response.  I now

recommend that this Court summarily dismiss the petition.

---

[1]     I note that I was involved in Robinson's original state court proceedings as a state court Superior Court
Justice prior to January 2000.  The docket sheets provided by the State show that I acted on a number of pretrial
orders, but I was not the justice who presided at trial, imposed sentence, or handled any post-conviction matters
concerning the case.  In the past I recused myself from Robinson's original habeas corpus proceeding because of my
involvement with his underlying state criminal proceeding.  See Robinson v. Corrections, Maine Warden, 1:02-cv-
00046-GZS.  However, since that case Robinson has filed at least two other civil actions in this Court, both of
which cases I handled, Robinson v. McNamara, 1:09-cv-00267-JAW, and Robinson v. John F. Morris, 1:11-cv-
00378-DBH.  I have no extra judicial knowledge regarding Robinson or his cases nor do I know of any other reason
why I should recuse myself in the present case—a case that does not challenge the underlying conviction but relates
to events that occurred years after my departure from the state court.

## BACKGROUND

In 1997, the Penobscot County Grand Jury returned an indictment charging Vincent Lee Robinson with two counts of gross sexual assault and one count of criminal restraint.  State of Maine v. Vincent Lee Robinson, No. BANSC-CR-1997-07041 (Pen. Cty. Super. Ct.).  Following a jury trial (Mead, J., presiding) in which Robinson was found guilty of all charges, the court sentenced Robinson to concurrent 17-year terms of imprisonment with all but 12 years suspended, to be followed by 6 years of  probation on the gross sexual assault counts, and a 364-day concurrent sentence on the criminal restraint count.  On June 3, 1999, the Maine Law Court affirmed Robinson's judgments of conviction.  State v. Robinson, 1999 ME 86, 730 A.2d 684. On March 12, 2001, the Superior Court (Warren, J.) denied Robinson's state petition for post-conviction review.  Robinson v. State, No. CR-99-561, 2001 WL 1807039, 2001 Me. Super. Lexis 37 (Mar. 12, 2001).  On June 4, 2001, the Maine Law Court refused to issue a certificate of probable cause.

On June 3, 2002, this Court denied Robinson's first section 2254 petition that went to the merits of his conviction.  Robinson v. Merrill, 1:02-cv-00046-GZS, 2002 WL 1173577, 2002 U.S. Dist. Lexis 10555 (D. Me. June 3, 2002) (Cohen, Mag. J., Report and Recommendation) (adopted July 1, 2002).

On December 11, 2008, a first motion to revoke Robinson's probation was filed. Following an admission to the violation on December 22, 2009, the court (Anderson, J.) ordered Robinson to serve one year of the previously suspended term of imprisonment on the gross sexual assault charges.  On August 2, 2010, a second motion to revoke Robinson's probation was filed (which remains pending as of this date).  On August 3, 2010, a warrant issued for Robinson's arrest.  (See docket record.)  On March 28, 2012, the arrest warrant was executed in

New Jersey, where Robinson is in custody on unrelated charges arising out of that state.  On August 31, 2012, Robinson signed the current pro se section 2254 petition and filed it with this Court on September 25, 2012.

DISCUSSION

The gist of Robinson's petition is that Maine authorities and the New Jersey warden have collectively denied his due process rights by failing to honor his request that the pending probation revocation proceeding be brought to final disposition.  Robinson asserts his "right to seek final disposition under the Agreement on Detainers, (IAD)" has been infringed because he has not been returned to Maine in order to finally resolve the pending probation revocation motion.  (Petition at 5, ECF No. 1.)  The IAD "is a compact among 48 States, the District of Columbia, and the Federal Government.  It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges."  Reed v. Farley, 512 U.S. 339, 341 (1994); see also 18 U.S.C. app. § 2.  The IAD provides a procedure whereby a person incarcerated in one State can obtain a speedy disposition of any untried indictment, information, or complaint pending in another State if a detainer has been lodged against him.  While the IAD is considered federal law for purposes of federal habeas proceedings, the First Circuit has recognized that a mere violation of the statutory procedure is not cognizable under the habeas statute unless the petitioner meets a substantial burden of showing that the alleged noncompliance has resulted in "a complete miscarriage of justice." Cross v. Cunningham, 87 F.3d 586, 588 (1st Cir. 1996) (quoting Reed, 512 U.S. at 354).

Robinson cannot parlay his claim of a violation of the IAD into either a constitutional violation or even a federal statutory violation for at least two reasons.  First, the United States Supreme Court has squarely held that "a detainer based on a probation-violation charge is not a

3

detainer based on 'any untried indictment, information or complaint,' within the meaning of Art[icle] III [of the IAD]." Carchman v. Nash, 473 U.S. 716, 726 (1985). Therefore, the IAD is inapplicable to the instant detainer based on a warrant arising from an alleged violation of Robinson's probation. Second, Robinson has presented no circumstances which would support the proposition that an inherent injustice will arise if he is not immediately returned to Maine for disposition of the probation revocation charge. If he is claiming some undefined constitutional due process violation independent of the process theoretically available under the IAD, it is apparent to me that the standard for that constitutional violation would be no less stringent than the statutory standard for noncompliance under the IAD, *i.e.*, a complete miscarriage of justice. Robinson has failed to meet his burden on this question.

Based on the foregoing I recommend that the Court dismiss the petition.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

December 13, 2012                    /s/ Margaret J. Kravchuk
                                     U.S. Magistrate Judge